**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TEXAS**
**WACO DIVISION**

| | | |
|---|---|---|
| ADNEXUS INCORPORATED, LLC, | § | |
| | § | |
| *Plaintiff,* | § | |
| | § | Civil Action No. 6:23-cv-00149-JKP |
| v. | § | |
| | § | JURY TRIAL DEMANDED |
| EBAY INC., | § | |
| | § | |
| *Defendant.* | § | |

**DEFENDANT EBAY INC.'S MOTION TO DISMISS PLAINTIFF ADNEXUS**

**INCORPORATED LLC'S FIRST AMENDED COMPLAINT**

# TABLE OF CONTENTS

Page

I.     Introduction ........................................................................................................ 1

II.     Background ........................................................................................................ 1

     A.     The '101 Patent ........................................................................................ 1

     B.     The Accused Product: eBay Ads ............................................................ 3

III.     Legal Standard ................................................................................................ 4

IV.     The FAC Should Be Dismissed For Failure To Plausibly Plead Direct Infringement ....... 5

     A.     The FAC's Allegations of Infringement ................................................ 6

     B.     [1d]: The FAC fails to address "*determining*, in response to the receiving indication, whether an identifier containing unique identifying information about the recipient is present on the computing device." ................................................ 7

     C.     [1e]: The FAC fails to address "if the identifier containing unique identifying information about the recipient is not present on the computing device: *causing* a text field to be displayed in at least a portion of the advertisement." ...................... 9

     D.     [1e]: The FAC fails to address "*receiving* contact information inputted into the text field by the recipient" or "*generating* a user profile associated with the recipient based on the contact information." ........................................................ 13

     E.     [1f]: The FAC fails to address "if the identifier containing unique identifying information about the recipient is present … *retrieving a user profile* associated with the recipient from a visitor information database using at least a portion of the identifier, wherein the user profile comprises at least delivery method preferences and demographic information." .......................................................... 14

     F.     [1g]: The FAC fails to address "*retrieving additional information* associated with the advertisement based on at least a portion of the user profile associated with the recipient." .......................................................................................... 16

     G.     [1h]: The FAC fails to address "*delivering* the additional information to the recipient based on the delivery method preferences." ........................................ 18

     H.     [1h]: The FAC fails to address "the delivering being performed *without interrupting* the browsing session of the recipient." .............................................. 20

V.     Conclusion ...................................................................................................... 20

# TABLE OF AUTHORITIES

**Cases**                                                                                          **Page(s)**

*AK Meeting IP LLC v. Zoho Corp.*,
    2023 WL 1787303 (W.D. Tex. Feb. 6, 2023) ...................................................................4, 9

*Apple Inc. v. Psystar Corp.*,
    586 F. Supp. 2d 1190 (N.D. Cal. 2008) ...................................................................13

*Ashcroft v. Iqbal*,
    556 U.S 662 (2009) ...................................................................1, 5

*Bell Atl. Corp v. Twombly*,
    550 U.S. 544 (2007) ...................................................................1

*Carlton v. Freer Inv. Grp.*,
    2017 WL 11046201 (W.D. Tex. Aug. 8, 2017) ...................................................................5

*De La Vega v. Microsoft Corp.*,
    2020 WL 3528411 (W.D. Tex. Feb. 11, 2020) ...................................................................5, 8

*Grecia Est. Holdings v. Meta Platforms, Inc.*,
    605 F. Supp. 3d 905 (W.D. Tex. 2022) ...................................................................16

*Nalco Co. v. Chem-Mod, LLC*,
    883 F.3d 1337 (Fed. Cir. 2018) ...................................................................5

*Nu-You Techs., LLC v. Beauty Town Int'l Inc.*,
    2016 WL 4717991 (N.D. Tex. July 7, 2016) ...................................................................11

*Panasonic Corp. v. Magna Int'l, Inc.*,
    2022 WL 174513 (W.D. Tex. Jan. 19, 2022) ...................................................................5

*Papasan v. Allain*,
    478 U.S. 265 (1986) ...................................................................5

*Qwikcash, LLC v. Blackhawk Network Holdings, Inc.*,
    2020 WL 6781566 (E.D. Tex. Nov. 17, 2020) ...................................................................10

Defendant eBay Inc. ("eBay") moves this Court to dismiss with prejudice the First Amended Complaint ("FAC") (ECF 16) filed by Adnexus Incorporated LLC ("Plaintiff") under Fed. R. Civ. P. 12(b)(6). eBay requests oral argument on this motion.

## I. Introduction

Plaintiff's allegations do not plausibly plead a claim for direct infringement. Plaintiff has failed to allege that the accused eBay Ads meet key patent claim limitations and thus has not put eBay on notice of the alleged infringement under the *Twombly/Iqbal* standard. *Bell Atl. Corp v. Twombly*, 550 U.S. 544, 555 (2007) ("Factual allegations must be enough to raise a right to relief above the speculative level."); *Ashcroft v. Iqbal*, 556 U.S 662, 678 (2009) ("The plausibility standard . . . asks for more than a sheer possibility that a defendant has acted unlawfully").

The claims of U.S. Patent 8,719,101 ("the '101 patent") contain elements critical to the alleged invention. Plaintiff's FAC ignores these claim elements. Instead, Plaintiff's FAC contains generalized allegations that provide no meaningful guidance on how eBay allegedly infringes. Plaintiff's failure to include any one of those claim elements warrants dismissal. Because Plaintiff has failed to plausibly allege and provide sufficient descriptions of a patent infringement claim against eBay, Plaintiff's FAC should be dismissed with prejudice under Fed. R. Civ. P. 12(b)(6).

## II. Background

### A. The '101 Patent

Plaintiff filed suit against eBay, alleging infringement of the '101 patent. The '101 patent is directed to collecting contact information from a user and sending that user targeted advertisements in response to the user's interaction with an ad featured on a webpage. Ex. A ('101 pat.) at 1:38–44. The '101 patent states that a problem with internet advertising is that "[e]-mail messages that are not solicited by the recipient are much less effective," which causes "the potential customer [to] build[] an unfavorable image of the advertiser pushing such unwanted

advertisements." *Id.* at 1:25-35. To solve this purported problem, the inventors of the '101 patent state that they invented a "method of gathering a recipient's e-mail address, or other preferred information delivery method, and sending targeted advertisements via this delivery method in response to the recipients subsequent requests for information made through simple interactions with a banner advertisement while browsing the Internet." *Id.* at 1:38-44.

The '101 patent states that after interacting with an advertisement from a first party (i.e., the advertiser) on a network communication associated with a second party (i.e., allegedly eBay), "an interface option ***within*** the advertisement is displayed," allowing the user to enter "contact information" directly within the advertisement. *Id.* at Abstract. Then, "additional information [from the first party] is delivered to the recipient as an e-mail that the recipient has logged and registered through previous interaction with [the] banner advertisement[]." *Id.* at 2:60-64. Figure 2, annotated below, provides an example. In Figure 2, activating an interactive element (156, highlighted blue) "causes an interface option," such as the text field (158, highlighted yellow), to appear within the advertisement. *Id.* at 4:8-15. The information entered in text field (158) can be used to initiate an "e-mail registration process" with the first party. *Id.*



Fig. 2

Claim 1 is the only claim asserted in the FAC. The language of claim 1 is as follows:

[1a][1]  A method of online advertising, comprising:

[1b]  providing an advertisement associated with a first party for display in a network communication delivered to a computing device of a recipient during a browsing session, wherein the advertisement contains an interactive element displayed within the advertisement, and wherein the network communication is associated with a second party different than the first party;

[1c]  receiving an indication that the recipient activated the interactive element displayed within the advertisement;

[1d]  ***determining, in response to the receiving the indication, whether an identifier containing unique identifying information about the recipient is present on the computing device***;

[1e]  ***if the identifier containing unique identifying information about the recipient is not present on the computing device:***
***causing a text field to be displayed in at least a portion of the advertisement;***
***receiving contact information inputted into the text field by the recipient;***
***generating a user profile associated with the recipient based on the contact information; and***
***causing an identifier associated with the user profile to be stored on the computing device of the recipient***; and

[1f]  ***if the identifier containing unique identifying information about the recipient is present on the computing device:***
***retrieving a user profile associated with the recipient from a visitor information database using at least a portion of the identifier, wherein the user profile comprises at least delivery method preferences and demographic information***;

[1g]  ***retrieving additional information associated with the advertisement based on at least a portion of the user profile associated with the recipient***;

[1h]  ***delivering the additional information to the recipient based on the delivery method preferences, the delivering being performed without interrupting the browsing session of the recipient; and***

[1i]  recording the activation by the recipient of the interactive element as recipient tracking data in an analytics server, the recipient tracking data being associated with the unique identifying information about the recipient.

To carry out the alleged invention, the accused product must practice every limitation of the above claim. This motion focuses on the bolded claim limitations above: [1d], [1e], [1f], [1g], and [1h].

## B.     The Accused Product: eBay Ads

The FAC states the "'Accused Products' refers to, by way of example and without

---

[1] eBay adopts the claim limitation numbering used in Adnexus's claim chart for convenience.

limitation, eBay's eBay Ads (*e.g.*, https://www.ebayads.com/)." Ex. B (FAC) ¶ 15. As an initial

matter, this generic statement fails to notify eBay of what products or functionalities are accused

of infringing the '101 patent. The deficient FAC fails to address that eBay's website has various

forms of advertising, which operate differently. eBay's website has banner advertisements that,

when clicked, redirect the user to the advertiser's third-party webpage.[2] eBay Ads also uses

"Promoted Listings" to promote products listed on the eBay platform. Ex. C (claim chart) at 3. As

much as it is understood, Plaintiff alleges infringement of Promoted Listings, but inconsistently

cites features that have nothing to do with Promoted Listings. For example, the claim chart relies

on allegations related to creating an account with eBay (Ex. C (claim chart) at 10-12), saving an

item listed on eBay to a watch list (*Id.* at 22-23), and contacting an eBay seller with a question (*Id.*

at 10-12). None of these are features specific to eBay Ads and do not adequately provide notice of

how **eBay Ads** allegedly infringes. *AK Meeting IP LLC v. Zoho Corp.*, 2023 WL 1787303, at *4

(W.D. Tex. Feb. 6, 2023) (recommending granting a motion to dismiss in part because the plaintiff

mixed and matched features for three distinct products and failed to plead that the products are

integrated), *report and recommendation adopted*, 2023 WL 3035436 (W.D. Tex. Mar. 1, 2023).

Even if Plaintiff had charted features that were related to eBay Ads, nothing in Plaintiff's First

Amended Complaint or claim chart shows (or even alleges) a "text field . . . displayed **in at least

a portion of the advertisement**" after the user interacts with the advertisement. This is not a feature

offered by eBay Ads. For this, and the other reasons discussed below, the Court should dismiss

Plaintiff's FAC.

III.    **Legal Standard**

        "To survive a motion to dismiss, a complaint must contain sufficient factual matter,

---

[2] The FAC and claim chart contain no allegations about this form of advertising by eBay Ads.

accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570). To meet this plausibility standard, Plaintiff must plead "'factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged' based on 'more than a sheer possibility that a defendant has acted unlawfully.'" *Panasonic Corp. v. Magna Int'l, Inc.*, 2022 WL 174513, *1 (W.D. Tex. Jan. 19, 2022) (quoting *Iqbal*, 556 U.S. at 678). "[E]very element of each cause of action must be supported by specific factual allegations." *Carlton v. Freer Inv. Grp.*, 2017 WL 11046201, at *8 (W.D. Tex. Aug. 8, 2017) (citation omitted). Thus, to plead direct infringement, "[t]he complaint must place the potential infringer on notice of what activity is being accused of infringement." *Nalco Co. v. Chem-Mod, LLC*, 883 F.3d 1337, 1350 (Fed. Cir. 2018). But courts "are not bound to accept as true a legal conclusion couched as a factual allegation." *Papasan v. Allain*, 478 U.S. 265, 286 (1986).

In a patent case, a complaint must plausibly allege that the accused products "meet each and every element of at least one claim." *Panasonic Corp.*, 2022 WL 174513, *1 (citing *Disc Disease Sols. Inc. v. VGH Sols., Inc.*, 888 F.3d 1256, 1260 (Fed. Cir. 2018)); *see also De La Vega v. Microsoft Corp.*, 2020 WL 3528411, at *6-7 (W.D. Tex. Feb. 11, 2020) (granting motion to dismiss patent infringement claims because the complaint was "devoid of [factual] allegations that would support an inference that [defendant] performs the [required claim] steps"). The complaint must include sufficient facts to plausibly allege that each element of the patent claim is present in the accused system. *De La Vega*, 2020 WL 3528411, at *6-7.

## IV. The FAC Should Be Dismissed For Failure To Plausibly Plead Direct Infringement

The FAC fails to state a claim because it fails to include any facts plausibly demonstrating that the accused eBay Ads practice vital elements of claim 1, including that: (1) eBay Ads products determine whether an "identifier containing unique identifying information about the recipient is

present on the computing device," and that eBay Ads "determin[es] in response to" clicking on an ad whether the "identifier" is present; (2) eBay Ads products cause a text field to be displayed in at least a portion of the advertisement in response to clicking on the ad; (3) eBay Ads products receive contact information inputted into the text field displayed in a portion of the advertisement in response to clicking on the ad and that eBay Ads products generate a user profile for the advertiser based on the contact information input into the text field displayed in response to clicking on an ad; (4) eBay Ads products retrieve a user profile containing delivery method preferences and demographic information in response to clicking an ad; (5) eBay Ads products retrieve additional information associated with the advertisement based on a portion of the users profile; (6) eBay Ads products deliver additional information to the user in response to clicking on an ad; and (7) eBay Ads products perform the claimed steps without interrupting the browser session of the user.

### A. The FAC's Allegations of Infringement

The FAC alleges that the accused eBay Ads products[3] infringe the '101 patent based on the allegations below:

> Defendant has, under 35 U.S.C. §271(a), directly infringed, and continues to directly infringe, literally and/or under the doctrine of equivalents, one or more claims, including without limitation at least claim 1 of the '101 Patent, by making, using, testing, selling, offering for sale and/or importing into the United States Defendant's Accused Products.

> \*\*\*

> The claim charts attached hereto as **Exhibit B** describes how the elements of an exemplary claim 1 from the '101 Patent are infringed by the Accused Products.

---

[3] The FAC points to "eBay's eBay Ads" and https://www.ebayads.com/ generally, without differentiating or identifying any of eBay's specific advertising solutions as being accused of infringement. Ex. B (FAC) ¶ 15.

Ex. B (FAC) ¶¶ 17, 22. This represents the entirety of Plaintiff's allegations against eBay in the FAC. As discussed below, those allegations fail to plausibly allege infringement against eBay Ads because they ignore the critical claim elements required for every claim.

**B.** **[1d]: The FAC fails to address "_determining_, in response to the receiving the indication, whether an identifier containing unique identifying information about the recipient is present on the computing device."**

All claims of the '101 patent require "determining, in response to the receiving the indication, whether an identifier containing unique identifying information about the recipient is present on the computing device." The only allegation in Plaintiff's claim chart is that:

> eBay Ads can identify user accounts with tracking technology (which eBay refers to as "cookies"). The cookies can log information about the browser and user preferences, acting as identifiers. eBay can recognize buyers across devices using account information. When a user clicks on an ad, eBay can check whether there are cookies that identify the user present on the device.

> eBay determines whether a user has an account containing identifying information in response to the click on the "heart" of the advertisement. This is evident because eBay will allow the "heart" to darken if a user account is signed in, and if not, it will send the user to a login page.

Ex. C (claim chart) at 6. This description contains two allegations. First, Plaintiff alleges that eBay can use "cookies" to help eBay "recognize" the user.[4] However, Plaintiff merely points to eBay's general notice regarding the use of cookies, without any specificity or connection to the accused eBay Ads. Critically, claim 1 requires that this "determining" step be performed "**_in response to_ the receiving indication**" (_i.e._, in response to the user clicking an interactive element in the ad). Yet Plaintiff does not explain how the cookies are used, including when the cookies are accessed. The generic use of cookies does not mean those cookies are accessed "**_in response to_ the receiving**

---

[4] Plaintiff's FAC states that the cookies can "act[] as identifiers," not that it is the claimed "identifier containing unique identifying information about the recipient." Ex. C (claim chart) at 6. Plaintiff's failure to adequately provide notice of the "identifier" is reason enough to dismiss the FAC.

indication." *De La Vega*, 2020 WL 3528411, at *6-7 (dismissing infringement claims because it was not enough for the plaintiff to "only present[] three screenshots of evidence" without any plausible explanation about how the accused instrumentalities actually practice "the [claim] limitation").

Second, Plaintiff alleges this limitation is met because eBay allows users to save listings to a watchlist by clicking a "heart" icon. Ex. C (claim chart) at 6. This functionality, however, is wholly distinct and independent of eBay Ads. Indeed, users can save any eBay listing to their watchlist without interacting with an advertisement. Thus, allegations about saving listings to a watch list do not plausibly allege that any portion of "eBay Ads" meets the "determining" claim requirement. To the extent eBay Ads are construed to cover a method of saving a listing, which has nothing to do with the alleged invention, Plaintiff has failed to chart how saving a listing meets every limitation of the '101 patent (e.g., there are no allegations about saving a listing to a watch list in, for example, [1f], [1g], and [1h]), thereby failing to inform eBay of how the accused instrumentalities are alleged to infringe.

Finally, in a later limitation [1e], Plaintiff alleges that "Classified Ad" listings infringe the '101 patent. The term classified ads harkens back to the well-known concept of placing classified ads in a newspaper; this is not a function of eBay Ads.[5] It is simply a listing like the newspaper classifieds where a seller lists an item for sale, and the buyer contacts the seller directly if they are interested (i.e., it is not an auction). Ex. C (claim chart) at 10. Regardless, even if the accused products are construed to cover a method of contacting a seller of a classified ad listing, Plaintiff has failed to chart how contacting a seller of a classified ad listing meets every limitation of the

---

[5] Indeed, there is no discussion of "classified ads" anywhere on the eBay Ads website referenced in the FAC. Ex. B (FAC) ¶ 15.

'101 patent (e.g., there are no allegations about Classified Ad listings in, for example, [1d], [1f], [1h], [1i]), thereby failing to inform eBay of how the accused instrumentalities are alleged to infringe. *AK Meeting IP*, 2023 WL 1787303, at *4 (dismissing a complaint where the plaintiff mixed and matched features from separate products to allege infringement).

### C. [1e]: The FAC fails to address "if the identifier containing unique identifying information about the recipient is not present on the computing device: *causing a text field to be displayed in at least a portion of the advertisement*."

The patent claims require "if the identifier containing unique identifying information about the recipient is not present on the computing device: causing a text field to be displayed in at least a portion of the advertisement." The only allegation in Plaintiff's claim chart is that:

> eBay Ads can direct potential customers to the respective product listing or store, where they can choose to purchase the products. For the user's first time purchasing on eBay, the user is prompted to create a new account and input contact information. The user can also enter their shipping information. For classified ads, to contact the seller, the user will be prompted to provide their contact information in text fields. eBay can use its tracking technology such as cookies to identify logged-in accounts on individual computing devices. The cookies with identifying information can be stored on the user's computing device.
>
> ***
>
> Source: When not signed in, clicking the "heart" button on the advertisement prompts the user with a text field to sign in or alternatively to create an account.

Ex. C (claim chart) at 9. This is not a plausible allegation of infringement. Figure 2 of the '101 patent (shown above) illustrates this limitation. In response to the user interacting with the banner advertisement, "an interface option *within* the advertisement is displayed" so the user can enter contact information into a text field *within* the advertisement. Ex. A ('101 pat.) at Abstract, 4:8-15. Plaintiff fails to show (or even allege) that this occurs. Plaintiff makes no allegation that any of the unrelated functionalities occur within "at least a portion of the advertisements," as is required by the patent.

Grasping at straws, Plaintiff cites multiple functionalities unrelated to eBay Ads to stretch the claims to cover eBay Ads. First, Plaintiff's claim chart identifies the general functions of "open[ing] an account" and "complet[ing] your order" with eBay. Ex. C (claim chart) at 10. Opening accounts and completing orders are unrelated to the accused eBay Ads products. Indeed, Plaintiff's claim chart fails to allege that either action (creating an account or checking out) is performed after the "determining" step did not find "the identifier containing unique identifying information" or that either action occurs within a portion of the advertisement. Critically, an eBay user can create an account or checkout ***without interacting with an ad***. Pointing generally to these actions does not support the steps being taken in the order required by the claims. *See Qwikcash, LLC v. Blackhawk Network Holdings, Inc.*, 2020 WL 6781566, at *4-5 (E.D. Tex. Nov. 17, 2020) (granting motion to dismiss plaintiff's claims of infringement because of the "irreconcilable internal inconsistencies on the face of its pleading" regarding a key limitation, and "further demonstrated by [plaintiff's] failure to provide a plausible allegation that [defendant's] system performs at least the [key limitation]").

Second, Plaintiff's claim chart identifies the general function of saving a listing to the user's watch list. As discussed above, this is entirely unrelated to the accused eBay Ads products. In any event, the example provided in the claim chart demonstrates that this claim limitation is ***not*** met:



*Id.* at 9. Plaintiff's claim chart shows that in response to "clicking the 'heart' button," the user is prompted to "sign in or alternatively to create an account." *Id.* But the FAC does not allege that this sign in page is generated *within* a portion of an advertisement. And, as can be seen above, it is not within a portion of an advertisement. *See Nu-You Techs., LLC v. Beauty Town Int'l Inc.*, 2016 WL 4717991, at *2 (N.D. Tex. July 7, 2016) (dismissing the plaintiff's "conclusory allegations [and] unwarranted factual inferences" of direct infringement because plaintiff did not plausibly allege defendant performed every step of a method claim).

Third, Plaintiff's claim chart refers to a "classified ad" listing as meeting this limitation. Ex. C. (claim chart) at 9-10. While classified ad listings contain the word "ad," they are not a function of the accused eBay Ads. Rather, with classified ad listings, a seller lists an item, including a price, the user/buyer contacts the seller, and together the buyer and seller finalize the transaction *outside* the eBay platform. *Id.* at 10. Since these listings are not auctions, the user contacts the seller directly rather than placing a bid. Even so, the example provided in the claim chart again demonstrates that this claim limitation is ***not*** met:



*Id.* at 11. Plaintiff alleges that in response to clicking "contact seller," on a listing (not an advertisement from eBay Ads) the user is prompted to "provide their contact information in text fields." *Id.* at 9-11. The FAC, however, does not allege that this contact page is generated ***within*** a portion of an advertisement. And, as can be seen above, it is not within a portion of an advertisement. Instead, the user clicks the "contact seller" button and is directed away from the classified ad listing to an entirely new webpage where the user can contact the seller directly to work ***outside*** the eBay platform to finalize the transaction.

Furthermore, the information Plaintiff included in other claim limitations confirms that this limitation is not met. For example, Plaintiff cites eBay's Promoted Listings Standards (reproduced below) in limitation [1d] (Ex. C (claim chart) at 8), which state that when buyers are "not [] logged in when they click on your ad . . . we utilize internal models and signals across accounts and devices to link clicks to purchases." Therefore, according to Plaintiff's allegations, when eBay does not have an identifier for the user, and an ad is clicked, "internal models and signals" are used rather than causing a text field to be displayed within a portion of the advertisement to receive contact information.

> **Note**: We usually recognize the buyer when they are logged in across devices. However, in some cases, buyers may not be logged in when they click on your ad. In those cases, we utilize internal models and signals across accounts and devices to link clicks to purchases of your promoted items.
> **Source**: (https://www.ebay.com/sellercenter/growth/promoted-listings/promoted-listings-standard)

Thus, rather than alleging that eBay Ads products meet the "causing" limitation, the FAC confirms the opposite and directly conflicts with this claim element. It is fatal to Plaintiff's case that its claim chart has no allegation and no factual support that clicking an ad ***causes a text field to be displayed in a portion of the advertisement***. When pleaded facts conflict with one of the required elements, the claim should be dismissed. *Apple Inc. v. Psystar Corp.*, 586 F. Supp. 2d 1190, 1199-200 (N.D. Cal. 2008) (dismissing a counterclaim where the allegations were "internally contradictory").

### D.    [1e]: The FAC fails to address "*receiving* contact information inputted into the text field by the recipient" or "*generating* a user profile associated with the recipient based on the contact information."

The '101 patent requires "receiving contact information inputted into the text field by the recipient" and "generating a user profile associated with the recipient based on th[at] contact information." Ex. A ('101 pat.) at 9:22-25. The claimed user profile is generated based on information inputted into the text field displayed in a portion of the advertisement, which is displayed after clicking on the ad. *See id.* at 5:21-54. As discussed above (§ IV.C), Plaintiff's claim chart fails to show a "text field" displayed "in at least a portion of the advertisement." Thus, Plaintiff's claim chart also fails to adequately allege any claim limitations that are based off information from that text field.

While Plaintiff's claim chart discusses opening an account, completing an order, saving a listing, and contacting a seller (*see* § IV.C), there are no facts alleged that plausibly demonstrate that these actions cause a "text field to be displayed in at least a portion of the advertisement." Plaintiff has not shown (or even alleged) that any "input" takes place "in at least a portion of the advertisement." Thus, Plaintiff's allegation fails to show that contact information is input into a text field displayed in at least a portion of the advertisement. As a result, Plaintiff fails to plausibly allege that any of eBay's eBay Ads products meet the "receiving" or "generating" claim

requirement, thereby failing to put eBay on adequate notice of how the accused instrumentalities are alleged to infringe.

Additionally, at most, Plaintiff's claim chart alleges that a user can sign in or create a new account **with eBay**:



*See, e.g.*, Ex. C (claim chart) at 9-10. But opening an account with eBay (i.e., the "second party") fails to address this limitation, which requires generating a user profile with the "first party" (i.e., the advertiser) by inputting information into a text field that appears within the third-party advertisement. Ex. A ('101 pat.) at 5:36-50 ("once a recipient has created a profile, the recipient can manage the user profile by interaction with another website manage[d] by the advertiser or a third party."). Thus, it is unclear who or what Plaintiff contends performs the claimed step, and Plaintiff's claims should be dismissed for that reason alone.

E.    **[1f]: The FAC fails to address "if the identifier containing unique identifying information about the recipient is present … *retrieving a user profile* associated with the recipient from a visitor information database using at least a portion of the identifier, wherein the user profile comprises at least delivery method preferences and demographic information."**

The '101 patent requires that, "if the identifier containing unique identifying information about the recipient is present . . . retrieving a user profile associated with the recipient from a visitor information database using at least a portion of the identifier, wherein the user profile comprises at least delivery method preferences and demographic information." Ex. A ('101 pat.) at 9:29-35. The only allegation in Plaintiff's claim chart is that:

14

eBay Ads can direct potential customers to the respective product listing or store, where they can choose to purchase the products. Customers with existing eBay accounts that purchased before may have their shipping address, preferred e-mail, telephone number, and payment information saved with eBay. Cookies can be used to retrieve and verify the logged-in account, which can then provide the account's shipping and payment details automatically for the purchase.

\*\*\*

Source: logged-in user is directed to advertisement page with user-specific info such as shipping zip-code prepopulated in the delivery options.

Ex. C (claim chart) at 12. As discussed above (*see* § IV.C), Plaintiff does not allege any facts plausibly demonstrating that actions are performed after the "determining" step finds "the identifier containing unique identifying information." Notably, Plaintiff does not even allege that any functionality of eBay Ads is performed in response to interacting with an ad.

Nothing in Plaintiff's claim chart refers to clicking an ad, then retrieving a "user profile" from a "visitor information database," where the "user profile comprises at least delivery method preferences and demographic information." Instead, Plaintiff's claim chart provides several screenshots associated with unrelated conduct: (1) a product listing, (2) eBay's Cookie Notice; (3) manually updating personal information, and (4) describing how to check out. Ex. C (claim chart) at 12-14. For the product listing identified on page 12 of the claim chart (which is not the same as eBay Ads), Plaintiff alleges that a "zip-code" is pre-populated. Even if true, a zip-code is neither the claimed "delivery method preference" nor "demographic information." Plaintiff also does not attempt to show that eBay Ads retrieved a user profile from a visitor information database when displaying an eBay product listing. In sum, none of this arguably illustrates "retrieving a user profile" from a "visitor information database" in response to clicking an ad.

Moreover, Plaintiff's claim chart does not show that eBay retrieves a user profile containing delivery method preferences and demographic information in response to clicking an

ad. Plaintiff's claim chart conflates the "zip-code" and "primary shipping address" used to purchase items on eBay with the claimed "delivery method preference" for delivering more detailed information *from the advertiser* in response to clicking an ad. Pointing to creating an eBay account (not an account with the third-party advertiser) where the recipient may input "name, date of birth, address, or email address" does not meet this limitation. *Grecia Est. Holdings v. Meta Platforms, Inc.*, 605 F. Supp. 3d 905, 916 (W.D. Tex. 2022) (dismissing direct infringement claims that were insufficient to put defendant on notice of plaintiff's "general infringement theory, much less a particular one").[6]

Accordingly, Plaintiff's FAC does not plausibly allege that eBay Ads meets the "retrieving" claim requirement.

F.     **[1g]: The FAC fails to address "*retrieving additional information* associated with the advertisement based on at least a portion of the user profile associated with the recipient."**

All claims of the '101 patent require that, "if the identifier containing unique identifying information about the recipient is present … retrieving additional information associated with the advertisement based on at least a portion of the user profile associated with the recipient." Ex. A ('101 pat.) at Claim 1. Plaintiff's claim chart alleges that:

> eBay Ads uses tracking technologies (including but not limited to cookies, web beacons and other similar technologies) to determine the user's interests and retrieve additional information associated with the advertisement (such as what types of advertisements to show or whether you have already reacted to an advertisement). This allows eBay Ads to tailor the advertisements shown to the customer based on their interests.

---

[6] Plaintiff's claim chart also refers to an uncited eBay webpage regarding "Advertising and related preferences" for its proposition that eBay retrieves a user profile containing delivery method preferences and demographic information. Ex. C (claim chart) at 14. But, this webpage, which eBay found on its own, relates to eBay's advertising policies under the EU General Data Protection Regulation. https://www.ebay.com/gdpr. As is clear from Plaintiff's claim chart, "[t]hese settings are intended to help our customers in the European Economic Area (EEA) and the United Kingdom." *Id.*

> Source: Additional information associated with the advertisement (related items to the advertisement) based on a portion of the user profile (recently viewed items) is displayed to the user[.]

Ex. C (claim chart) at 14-15. Like the other limitations, Plaintiff takes a scatter-shot approach to show infringement where none exists. First, the claim chart provides a screenshot discussing the general use of cookies:



*Id.* at 15-16. But Plaintiff does not show that the generic tailoring of ads is performed ***after*** interacting with an ad. At best, Plaintiff identifies that eBay can use cookies to track which ads a user has previously accessed. Yet Plaintiff's claim chart has no information showing the cookies are used to "retriev[e] additional information associated with the advertisement" after interacting with the ad.

Second, Plaintiff alleges that showing "related items" or "recently viewed items" meets this limitation:



*Id.* at 15. The claim requires the user to interact with an advertisement and to retrieve additional information "***associated with the advertisement***." Ex. A ('101 pat.) 9:35-37. The purported invention sends the user additional information ***from the advertiser*** to increase the advertiser's sales. *Id.* at 5:36-54. Plaintiff alleges that displaying listings from the advertiser's competitors (other sellers) meets this limitation. This does not make sense. Suppose a seller pays to promote their surfboards, for example. In that case, eBay's identification of other surfboards from different sellers is the antithesis of the claimed invention, which requires retrieving and delivering additional information "associated with the advertisement," such as information from the advertiser.[7] Accordingly, the "related items" functionality, which shows listings (which are not ads) from ***different*** sellers, is wholly untethered from the required claimed "retrieving additional information" limitation.

G.     **[1h]: The FAC fails to address "*<u>delivering</u>* the additional information to the recipient based on the delivery method preferences."**

The '101 patent requires "delivering the additional information to the recipient based on the delivery method preferences." Ex. A ('101 pat.) at 9:39-40. The allegation in Plaintiff's claim chart is that:

> eBay Ads uses tracking technologies (including but not limited to cookies, web beacons and other similar technologies) to determine the user's interests and deliver the additional information associated with the advertisement. For example, eBay can send newsletters for stores on their site that can help sellers deliver additional information to interested customers who subscribe.

---

[7] Plaintiff's claim chart also refers to an uncited eBay webpage regarding "preferences" for its proposition that eBay tailors its advertisements shown to customers. Ex. C (claim chart) at 17. But this webpage relates eBay's advertising policies under the EU General Data Protection Regulation ("GDPR"). https://www.ebay.com/gdpr. The GDPR applies to "a seller based in the EU or a seller based outside of the EU who sells to buyers in the EU." https://www.ebayinc.com/company/privacy-center/gdpr/. These allegations are irrelevant and fail to address how the user interacts with an advertisement and to retrieves additional information "associated with the advertisement."

***

> Source: (ebay.com when logged in to a user account, suggesting an advertisement using "trackableID" indentifier (sic) for specific products)

Ex. C (claim chart) at 18. Again, Figure 2 of the '101 patent (*supra* at II.A) illustrates this limitation. The patent discusses delivery method preferences for the first party to send additional information about the first party to the user:

> the recipient may mouse over the banner advertisement 166 and select a delivery preference 170 to have the additional information delivered via text message, browser, or instant messaging service.

Ex. A ('101 pat.) at 4:44-48. Plaintiff's FAC has no similar allegation. First, Plaintiff alleges that eBay's identification of similar product listings meets this limitation. But providing the user with product listings from a party other than the first party (i.e., the alleged advertiser) does not meet the claim limitation. A product listing from a competitor is the opposite of the claimed invention, which is supposed to provide more information "associated with the advertisement."

Second, Plaintiff's claim chart generically suggests that eBay sellers (not eBay) can send email campaigns/newsletters to subscribers. Ex. C (claim chart) at 18. But Plaintiff does not allege that campaigns/newsletters are sent in response to interacting with an ad. Indeed, the claim chart attached to the original complaint contradicts Plaintiff's allegations because it shows that the email campaigns/newsletters are sent to people based on "predefined" parameters:



19

Ex. D (original claim chart) at 10-11.[8] Nor does Plaintiff allege the email campaigns/newsletters contain "additional information" associated with the ad that the user interacted with.

Finally, Plaintiffs' claim chart generically suggests that third party advertisers (not eBay) can deliver ads tailored to a recipient's interests. Ex. C (claim chart) at 20. But Plaintiff does not allege that delivery of these ads is based on a recipient's "delivery method preferences" as required by the claim. The '101 patent describes "a delivery method preference selection 170 in the banner advertisement 166." Ex. A ('101 pat.) at 4:59-62; *see* Fig. 2. Nowhere in the claim chart, nor in the FAC, does Plaintiff allege that delivery of ads is based on the recipient selecting a delivery method (e.g., email, text, browser, or IM) in a banner advertisement. Instead, Plaintiff merely tries to point to a recipient being able to change its personal information in the recipient's eBay profile, not in an advertisement. Ex. C (claim chart) at 20. Accordingly, Plaintiff's FAC does not plausibly allege that eBay Ads meets the "delivering" claim requirement, thereby failing to put eBay on adequate notice of how the accused instrumentalities are alleged to infringe.

**H.      [1h]: The FAC fails to address "the delivering being performed *without interrupting* the browsing session of the recipient."**

All claims of the '101 patent require "the delivering being performed without interrupting the browsing session of the recipient." Ex. A ('101 pat.) at Claim 1. Plaintiff's claim chart makes ***no*** allegation about browser interruption (or lack thereof). There is simply no allegation that all of the various steps identified in Plaintiff's FAC are done "without interrupting the browser session."

**V.      Conclusion**

For all these reasons, and because eBay complied with Section 1 of Judge Jason Pulliam's Standing Order in civil cases, eBay respectfully requests that the Court grant its Motion to Dismiss Plaintiff's FAC for failure to state a claim upon which relief can be granted with prejudice.

---

[8] Curiously, Plaintiff removed this information from the FAC.

Dated: June 30, 2023                            Respectfully submitted,

                                                **GREENBERG TRAURIG LLP**

                                        By: */s/ Joshua L. Raskin*
                                             Joshua L. Raskin
                                             NY Bar No. 2816783
                                             Joshua.raskin@gtlaw.com
                                             Greenberg Traurig, LLP
                                             One Vanderbilt Avenue
                                             New York, NY 10017
                                             Telephone: 212.801.9200
                                             Facsimile: 212.801.6400

                                             *Attorneys for Defendant eBay Inc.*

## CERTIFICATE OF CONFERENCE

I hereby certify that eBay complied with the conference and notice requirement set out in this Court's Standing Order in Civil Cases. On May 11, 2023, counsel for eBay sent written notice to counsel for Adnexus informing it that its infringement allegations were deficient and that eBay would move to dismiss the Complaint. Counsel for eBay and Adnexus met and confer further on May 17, 2023. On May 25, 2023, Adnexus filed a First Amended Complaint. The FAC remains deficient for the same reasons identified in eBay's May 11, 2023 notice.

*/s/ Joshua L. Raskin*

## CERTIFICATE OF SERVICE

I hereby certify that on June 30, 2023, a true and correct copy of the foregoing document was electronically filed with the Court and that counsel of record who are deemed to have consented to electronic service are being served via the Court's CM/ECF system.

*/s/ Joshua L. Raskin*